IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SCOTT, as surviving spouse of Monica Brown Robinson, on behalf of himself and all others similarly situated, | * * * * * | **COMPLAINT – CLASS ACTION** |
| Plaintiffs, | * | |
| v. | * * | CIVIL ACTION FILE NO. |
| GEORGIA DEPARTMENT OF CORRECTIONS, | * * * | |
| Defendants. | * | |

**CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF**

COMES NOW Plaintiff Christopher Scott, on behalf of himself and all similarly situated next-of-kin of deceased inmates in the state prison system, and hereby files this class action complaint for declaratory relief to resolve a controversy with the Georgia Department of Corrections (hereafter "GDC"), showing the Court as follows:

**INTRODUCTION**

1. Plaintiff is the surviving spouse and next-of-kin of a deceased inmate who seeks access to his wife's medical records in accordance with the Health Information Portability and Accountability Act of 1996 (hereafter "HIPAA") from

the custodian of those records, which has denied him and others access to their loved one's records under a self-serving interpretation of HIPAA regulations which defies the plain and ordinary meaning of the text and the state law expressly incorporated therein, which authorize a surviving spouse or other next-of-kin to obtain records on behalf of a deceased patient. Defendant's position is that only the duly appointed administrator or executor of the decedent's estate is authorized to request the records, which places an undue burden upon family members to probate an estate which in most cases has no assets to disburse or any other reason to exist at this juncture – forcing distraught relatives with limited means to spend hundreds of dollars in filing fees, bond premiums, publication fees (as well as hundreds or thousands more in attorney's fees if they are unable to probate the estate *pro bono*) just to satisfy a natural curiosity and sense of duty to uncover the circumstances of their loved one's death. Whether intended or not, this makes it more difficult for widowed spouses, children, and parents to get the answers, closure, or "Accountability" they seek when both federal regulators and the Georgia Legislature have expressed a clear intent to make such information available to them.

## JURISDICTION AND VENUE

2.      Because this case involves a question of federal law, this Court has

subject matter jurisdiction under 28 U.S.C. §1331, as well as the Declaratory Judgment Act (28 U.S.C. §2201).

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Middle District Local Rule 3.4 because the GDC's operational headquarters is located within this District and Division at Forsyth, Georgia, because all GDC inmate medical records are housed at that location and maintained by one or more GDC employees who reside within this District and Division, and because the GDC conduct which is the subject of this lawsuit has occurred and will continue to occur on an ongoing basis within this District and Division. Furthermore, Plaintiff Scott was a resident of Hart County, Georgia – which is located within the Athens Division of the Middle District – at all times relevant herein. Accordingly, all parties herein are subject to the jurisdiction of this Court.

## PARTIES

4. Plaintiff Christopher Wayne Scott was legally married to Monica Monica Brown Robinson, also known as Monica Brown Scott, at the time of her death in GDC custody on August 30, 2023.

5. Defendant Georgia Department of Corrections (GDC) is a department of the State of Georgia which operates the Georgia state prison system from its operational headquarters in Forsyth, Georgia which may be served with process at

its principal place of business located at 300 Patrol Road, Forsyth, GA 31029.

## CLASS ALLEGATIONS

9. Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Even if Plaintiff's individual claim is mooted by the voluntary production of the subject medical records to him, his claim on behalf of the class shall remain intact and he shall remain a party in his representative capacity on behalf of current and future class members.

**A.    Class Definition**

10. Plaintiffs seek certification of a class of individuals (the "Class") defined as follows:

All next-of-kin, who are authorized patient representatives under HIPAA, as defined by O.C.G.A. §31-33-2(a)(2)(B) and incorporated by reference into the HIPAA Privacy Rule, 45 CFR Part 160 and Subparts A and E of Part 164, deceased inmates who have died or will die in the custody of the Georgia Department of Corrections who seek to obtain the medical records of their deceased relatives for any purpose allowed by law, irrespective of whether a personal representative has been

4

appointed to represent the estate of the deceased inmate.

11.     Plaintiffs reserve the right to amend the above Class Definition if appropriate.

**B.     Numerosity**

12.     Upon information and belief, several hundred inmates die each year in GDC custody, and a significant portion of those deaths result in requests for medical records by family members of deceased inmates or lawyers acting on their behalf.  As a result, joinder of all members of the Class is impractical, not only because of the number of potential Plaintiffs, but because many individual claims would become moot once records were obtained by other means such as appointment of an executor or administrator before the Court had an opportunity to rule on the legality of the GDC's refusal to produce records to persons otherwise authorized by virtue of being a surviving spouse or other next-of-kin – meaning that the issue might never come before a court unless it were presented through a class action.

13.     Because no monetary relief is sought by this Class Action, there is no need to place potential Class members on notice because they will either benefit across-the-board from a favorable decision or they will not, in which case everything would remain as is with nothing to opt out of.

14. In the interest of judicial economy, the Court should enter a declaratory judgment on behalf of all Class members, which would benefit both present and future Class members as well as the GDC itself in terms of clarifying the law and providing guidance for future conduct by all parties.

**C.   Typicality**

15. Plaintiff's claim is typical of the claims of all members of the Class.

16. Plaintiff possesses the same interest as every other Class member and has suffered the same legal impediment as all Class members, namely the denial of their rights under HIPAA to obtain the medical records of deceased patients who happen to have died in GDC custody.

17. Plaintiff's individual claim and the claims of the prospective Class as a whole are based on the same legal theories and arise from the same pattern of conduct, namely the unreasonable interpretation of HIPAA requirements by the GDC with respect to inmate medical records in its custody.

18. Plaintiff and all Class members are similarly situated because they are all legal next-of-kin of deceased inmates under Georgia law who are entitled under HIPAA to their loved ones' medical records.

**D.   Common Questions of Law and Fact**

19. This case presents common questions of law and fact.

20. Common questions of law and fact to Plaintiffs and the Class predominate over any questions that may affect individual members as to the issue raised by this Complaint.

21. The common questions of law and fact are subsumed in the Class Definition, which seeks a judicial declaration that HIPAA is consistent with Georgia law as to who is authorized to obtain the medical records of deceased next-of-kin in GDC custody.

22. Resolution of any question of law or fact asserted by this Complaint will affect all Class members equally.

**E.  Adequacy of Representation**

23. Plaintiff is a member of the Class as defined above.

24. Through his attorney, Plaintiff can and will fairly, adequately and vigorously prosecute the claims of the Class and represent and protect the interests of all members of the Class.

25. Plaintiff has suffered the same injury as all other Class members, that being the unreasonable interference with their statutory right to obtain records to under HIPAA and the legal burden, inconvenience, and financial hardship posed by the GDC's insistence that they probate an estate for the sole purpose of obtaining records.

26. Plaintiff has the same interest as the Class members in the declaratory relief sought by this Complaint.

27. Plaintiff has no interests antagonistic to or in conflict with the members of the Class.

28. Plaintiff's counsel is able, competent and qualified to prosecute this class action for a declaratory judgment on behalf of Plaintiff and the Class, having represented hundreds of patients in cases where medical records were sought under HIPAA-compliant authorizations, as well as dozens of federal civil rights cases in this Court and others – including two cases argued in the United States Supreme Court, one of which arose from a class action filed against the Alabama Department of Corrections by the Southern Poverty Law Center.

**F.     Predominance and Superiority**

29. Common questions of law or fact predominate over individual issues. The statutory construction of HIPAA and other applicable law is common to all Class members and will not vary from individual to individual.

30. Proceeding as a class action in this case is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and the Class, and indeed, it may be the only way to reach an issue that would likely become moot if raised in individual actions.

31. Furthermore, individualized litigation would present the potential for varying, inconsistent, or contradictory judgments, and would likely cause delay and additional expense to all parties and the court system resulting from multiple trials of the same factual issues. Proceeding as a class action presents fewer management difficulties, conserves the resources of the parties and the court system and would protect the rights of each member of the Class.  It will also relieve the Probate Courts of the State of Georgia from the necessity of establishing estates for the sole purpose of obtaining records.  While it may ultimately be necessary to appoint a personal representative to bring a claim on behalf of an estate in the event that a wrongful death lawsuit is filed for the death of an inmate, it is unreasonable to expect families to probate estates before any decision is made about whether a lawsuit can be brought – it being counsel's experience from three decades of handling death cases that the vast majority of such deaths do not result in litigation and the families are seeking answers and closure whether there is a viable lawsuit or not.

32. Plaintiff is aware of no difficulty to be encountered in managing this action that would preclude its maintenance as a class action.  A class action would be more maintainable than dozens if not hundreds of individual actions spread over a number of years – many of which would become moot before adjudication with

no opportunity for a justiciable ruling on the HIPAA rights asserted herein.

## FACTS AND LAW COMMON TO ALL CLASS MEMBERS

33. The HIPAA Privacy Rule requires that any medical record which is accessible to a living patient is also accessible to a personal representative of a deceased patient. Under Title 45, Subtitle A, Subchapter C, Part 164(g)(4), the standard is set forth as follows:

> **If under applicable law an executor, administrator, *or other person has authority to act on behalf of a deceased individual* or** of the individual's estate, a covered entity must treat such person as a personal representative under this subchapter, with respect to protected health information relevant to such personal representation.

45 CFR 164.502(g)(4); https://www.ecfr.gov/current/title-45/part-164#p-164.502(g)(4).

34. The aforementioned "authority to act on behalf of a deceased individual," as distinguished by use of the disjunctive "or" from authority to act on behalf "of the individual's estate," *id.*, includes any "person who has authority **under applicable State or other law** to act on behalf of the decedent…" https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/health-information-of-deceased-individuals/index.html (citing 45 CFR 164.502(g)(4), "as well as guidance on personal representatives available at: http://www.hhs.gov/ocr/privacy/hipaa/understanding/coveredentities/personalreps.html, for more information.").

10

35.     While there may be ambiguity in some HIPAA regulations as to whether protected health information about a deceased patient can be shared with a family member who was not involved in the patient's care or payment for care (for example, a sibling who is a relative but not next-of-kin for legal purposes), there is no such ambiguity with respect to a family member who qualifies as a personal representative by being an executor, administrator, *"or other person who has authority under applicable State ... law."* 45 CFR 164.502(g)(4) (emphasis added). Under Georgia law, a surviving spouse such as Plaintiff constitutes such a person. O.C.G.A. 31-33-2(a)(2)(B).

36.     Despite the fact that HIPAA regulations explicitly defer to state law on who is authorized to obtain a deceased patient's records, the GDC is now refusing to comply with this requirement despite the fact that all medical providers in the state of Georgia which counsel has dealt with in the 27 years since HIPAA's enactment – including the GDC itself until a few months ago – have universally respected the statutory right of a surviving spouse or other next-of-kin to obtain such records for personal or legal reasons.

37.     After Plaintiff's wife died in GDC custody on August 30, 2023, he retained counsel to investigate the cause of her death and determine if there was any legal basis for a wrongful death claim. Plaintiff's counsel then requested her

medical records using a HIPAA-compliant medical authorization signed by the surviving spouse, but the GDC refused to produce the records to anyone other than a court-appointed administrator or executor, even though no estate was being probated.

38. Even after being shown a valid marriage license, the GDC's general counsel responded in writing to Plaintiff's request as follows:

> Thank you for clarifying the status of Mr. Scott's relationship as the surviving spouse, and please let him know that the GDC is very sorry for his loss. Although his status as her surviving spouse satisfies the provisions of O.C.G.A. 31-33-2(a)(2)(B), the requirements under HIPAA appear to be more stringent. According to the U.S. Department of Health and Human Services (HHS), a surviving spouse can obtain access related to his involvement in a patient's care, but it does not allow him access to all of her medical records. See 45 CFR 164.510(b)(5). Instead, HHS opines that the privacy provisions of HIPAA require us to obtain consent from the executor or administrator of her estate to grant full access. See 45 C.F.R. 164.502(g)(4).

39. Plaintiff respectfully submits that there is no HIPAA requirement that an executor or administrator be appointed in order to authorize a surviving spouse or other person recognized by O.C.G.A. §31-33-2(a)(2)(B) to obtain deceased patient records, and that both Plaintiff and Defendant – as well as all members of the Plaintiff's Class – would benefit from a judicial interpretation of the applicable law.

## COUNT ONE - CLAIM FOR DECLARATORY RELIEF

40.     For the reasons set forth above, Plaintiff seeks a declaration from this Court that all persons authorized to request medical records under O.C.G.A. §31-33-2(a)(2)(B) are authorized by HIPAA to request records from the Georgia Department of Corrections because HIPAA regulations defer to state law to determine who is so authorized.

## COUNT TWO - CLAIM FOR ATTORNEY'S FEES

44.    As the prevailing party in a declaratory judgment action to enforce federally guaranteed rights, Plaintiff is entitled to recover reasonable attorney's fees under 42 U.S.C. §1988 or other applicable law.

**WHEREFORE,** Plaintiff respectfully prays that this Court:

(a)    Cause process to issue;

(b)    Certify this case as a class action; and

(c)    Enter a declaratory judgment awarding declaratory judgment in favor of the Plaintiff's Class and against Defendant;

(g)    Award attorney's fees and expenses of litigation to counsel for Plaintiff and the Class;

(h)    Tax all costs of this action against Defendant; and

(i)    Award Plaintiff and the Class such other relief as this Court deems

appropriate.

    Respectfully submitted this 8th day of January, 2024.

*/s/ Craig T. Jones*
CRAIG T. JONES
Ga. Bar No. 399476
Attorney for Plaintiff

CRAIG T. JONES, P.C.
Post Office Box 66
Savannah, Georgia 31402
(678) 643-0062
craigthomasjones@outlook.com